## Hulette v. Sacrey.

(Decided Jan. 30, 1934.)

LELAND H. LOGAN and JOHN BULL, Jr., for appellant.
TODD & BEARD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Claude Hulette brought this suit against G. W. Sacrey to recover damages for the breach of a partnership contract. A demurrer was sustained to the petition, and, Hulette having declined to plead further, the petition was dismissed. Hulette appeals.

Briefly stated, the facts pleaded are these: Sacrey was the owner of a farm in Shelby county, and for several years he and Hulette had been partners in the operation of the farm. On June 23, 1930, they entered into a contract by which the partnership was to continue for a period of three years from March 1, 1931. On February 27, 1932, "there was a settlement of accounts of the above mentioned partnership, a copy of which is hereby filed and marked Exhibit 'A,' whereby a balance was struck satisfactory to both parties; that it was not the intention of the parties hereto that said settlement should terminate and dissolve the above mentioned partnership; that plaintiff continued to remain on the farm and under the same conditions that he had heretofore until the 2nd day of March, 1932." Sacrey conveyed the farm to his wife, and on January 20, 1932, plaintiff was notified to vacate and give possession of the premises on or before March 1, 1932. By reason of said notice, the partnership agreement was breached, and said partnership was attempted to be and was forcibly and wrongfully dissolved by no act whatsoever on the plaintiff's part, to plaintiff's damage in the sum of $4,000.

In their briefs counsel for appellant have presented an able and interesting argument to the effect that an oral contract of partnership for a period of three years

is not an agreement which is not to be performed within one year, and therefore not within the statute of frauds. In view of the conclusion of the court, we deem it unnecessary to pass on this question. The contract signed by the parties and referred to in the petition as Exhibit A reads as follows:

"This Memorandum of Settlement of Partnership made and entered into this February 27, 1932, by and between G. W. Sacrey of the one part and Claud Hulette of the second part:

"The partnership between the parties hereto is settled on the following terms and conditions, to-wit:

"(1) G. W. Sacrey agrees to pay to Claud Hulette in cash on or before March 1, 1932, the sum of $1000.00.

"(2) G. W. Sacrey agrees to assume and pay the outstanding account owed by the firm of Sacrey and Hulette, to R. L. Harrison & Son in amount of $213.41 in addition to the payment of the $1000.00 referred to in item one above.

"(3) The proceeds of the sale of tobacco raised on the farm in 1931 are to be divided equally. Hulette admits having received $50.00 of said proceeds.

"(4) The proceeds of dairy products sold off the farm in February, 1932, are to be divided equally between the parties.

"(5) The livestock and other personal property now on hand and owned by the parties hereto as partners, or jointly, are to be divided equally in kind, but if they can not be divided in kind same shall be sold and the proceeds divided equally.

"Items 3, 4 and 5 are each in addition to the payment of the $1,000.00 referred to above and in addition to the matter referred to in Item (2) above.

"Hulette agrees that out of the $1,000.00 referred to in item No. (1) above that he will pay immediately the three notes of Hulette's on which Mr. Sacrey is surety, one at the Peoples Bank of Bagdad and two at the Farmers and Traders Bank, Shelbyville.

"Witness the hands of the parties hereto the day and date first above written."

577

The contract begins with these words, "This Memorandum of Settlement of Partnership." Then follow the words, "The partnership between the parties hereto is settled on the following terms and conditions, to-wit." The terms and conditions were that Sacrey was to pay Hulette in cash on or before March 1, 1932, the sum of $1,000, and also to pay the account of Harrison & Son. The proceeds of the sale of tobacco raised on the farm in 1931 were to be equally divided after charging Hulette with the receipt of $50. The proceeds of the dairy products sold off the farm in February, 1932, were to be equally divided. The live stock and other personal property were to be equally divided in kind. Out of the $1,000 Hulette was to pay certain notes on which Sacrey was surety. It is not claimed that there was any fraud or mistake in the execution of the contract. When it is remembered that the contract was executed after it is claimed it was breached by the notice to vacate, that the contract purports to be a settlement of the partnership, and that in carrying out such settlement the firm obligations were to be met, the proceeds of the tobacco crop for the year 1931 were to be equally divided, and that the live stock and other personal property belonging to the partnership were to be equally divided in kind, there can be no doubt that the parties intended that the partnership should end and that the contract was not a mere settlement of their accounts up to the time of its execution. As the petition pleads and relies on the contract, and therefore discloses that, however long the partnership was to continue, it was actually settled and ended by the contract, it follows that no cause of action for damages accruing after the alleged breach was stated in the petition, and that the court did not err in sustaining the demurrer.

Judgment affirmed.